[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, First Union National Bank of Florida, from the Federal Deposit Insurance Corporation, as receiver of Southeast Bank, N.A. ("First Union") is a Florida corporation. On February 13, 1992 plaintiff brought an action on a promissory note and recovered judgment against defendants, Louis P. Brunette, Michael P. D'Addabbo, and Terry B. Fletcher in the State of Florida in the amount of $357,142.52. That judgment remains unsatisfied. Plaintiff has brought the present action seeking to confirm the Florida judgment.
Plaintiff has moved for summary judgment against defendant Louis P. Brunette. In objection thereto said defendant claims that the motion for summary judgment should be denied because the Florida court lacked jurisdiction over him. He also seeks summary judgment because of his claim of lack of jurisdiction.
Defendant claims that in order to establish personal jurisdiction over the defendant, the plaintiff must establish the following:
First, that the plaintiff must submit a complaint in the Florida court which, on its face, contains the minimum allegations supporting jurisdiction under the long arm statute;
Second, that the plaintiff must prove that the defendant had sufficient minimum contacts with Florida to satisfy the Florida long-arm statute and constitutional due process. International Shoe Co. v. Washington, 326 U.S. 310, 6 S.Ct. 154,90 L.Ed. 95 (1945).
CT Page 9619 Defendant claims that the Florida court had no jurisdiction over him because the complaint itself failed to allege facts which would support Florida's jurisdiction. This court disagrees. Rule 1.130 of the Florida Rules of Civil Procedure provides: "(b) PART FOR ALL PURPOSES. Any exhibit attached to a pleading shall be considered a part thereof for all purposes." The plaintiff attached to its complaint the promissory note which clearly shows that defendant was carrying on business ventures in Florida.
The Florida long-arm statute provides: "[a]ny person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative, to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting or engaging in, or carrying on a business venture in this state or having an agency or office in this state . . . .
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state . . . ." Fla. Stat. Ann. 48.193.
As stated in the promissory note signed by Brunette, Brunette was a limited partner in Ponce Marina Group, Ltd., a Florida limited partnership; a limited partner in First Lakeland Group, Ltd., a Florida limited partnership; a shareholder of Treasure Island Equity Corporation, a Florida close corporation, and a shareholder of Time Properties of Pinellas County, Inc., also a close corporation. Clearly, his business activities brought him within the terms of the Florida long arm statute, and satisfied the minimum contacts requirement of International Shoe.
The plaintiff's motion for summary judgment is granted, and the defendant's motion for summary judgment is denied.
Judgment may enter for the plaintiff against defendant Louis P. Brunette in the amount of $357,152.82, plus interest at a per diem rate of $117.41 from February 13, 1992 to date of this judgment, plus attorneys fees of $4,112.00, plus costs in the amount of $210.00. CT Page 9620
Allen, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 9627